IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURICIO SALAZAR,

    Plaintiff,

vs.                                                                                                 Civ. No. 00-1534 JP/KBM

CONTINENTAL CASUALTY CO.,
an Illinois corporation; CONTINENTAL
ASSURANCE COMPANY, an Illinois
corporation; and CNA FINANCIAL
CORPORATION d/b/a CNA INSURANCE
GROUP, an Illinois corporation,

    Defendants.

MEMORANDUM OPINION AND ORDER

    On December 11, 2000, the Plaintiff filed a Motion to Remand for Lack of Diversity Jurisdiction Pursuant to 28 U.S.C. §1447(c) (Doc. No. 7). Having reviewed the briefs and relevant law, I find that this motion to remand should be denied.

A.  Background

    The Plaintiff filed in state court a Complaint for Violation of the New Mexico Unfair Trade Practices Act, Fraud in the Inducement or Misrepresentation, and Violation of the Unfair Insurance Practices Act (Complaint). According to the Complaint, the Plaintiff purchased a stand alone Short Term Disability insurance policy from the Defendants. The Plaintiff was subsequently injured while at work and filed a claim for disability benefits under the Short Term Disability insurance policy. The Defendants denied the claim for benefits because the Plaintiff's premiums were applied to an Off Work Accident Disability insurance policy which does not cover injuries received while at work. The Plaintiff contends that he did not enroll in the Off Work

Accident Disability insurance policy.  Apparently, the Short Term Disability insurance policy is a supplemental policy for which individuals pay an extra charge.  Although the Plaintiff's certificate of insurance for the Short Term Disability insurance policy indicates that he can receive a monthly benefit of $1,000 for up to 12 months, the benefit plan booklet for the year 2000 indicates that coverage under the Short Term Disability insurance policy is $1,000 a month for 24 months.  The Plaintiff notes that he does not know the complete details of coverage or the actual damages under the Plaintiff's insurance policy.

The Plaintiff alleges that the Defendants violated the New Mexico Unfair Trade Practices Act, committed fraud in the inducement or misrepresentation, and violated the New Mexico Unfair Insurance Practices Act. The Plaintiff states that he is entitled to compensatory damages of $24,000, costs and interest, incidental and consequential damages, treble damages, punitive damages, and attorney's fees.

The Notice of Removal (Doc. No. 1), filed October 31, 2000, bases removal on diversity jurisdiction.  The Defendants state in ¶6 of the Notice of Removal that "[t]he amount in controversy, including the alleged damages of $24,000, plus punitive and exemplary damages sought in addition to alleged actual damages exclusive of interest and costs, exceeds $75,000.00." The Plaintiff argues in his motion to remand that the amount in controversy does not meet the $75,000 minimum jurisdictional amount and that the range of actual damages is between $12,000 and $24,000.  If an order of remand is entered, the Plaintiff asks for an award of reasonable attorney's fees and costs under 28 U.S.C. §1447(c).

B.  Discussion

Where the allegations of the complaint do not clearly set forth an amount in controversy exceeding $75,000, the removing party has the burden of establishing the jurisdictional amount. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).  There is a strong presumption against removal jurisdiction, and all doubts are to be resolved against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Ordinarily, the amount in controversy is determined by the complaint's allegations.  *Laughlin*, 50 F.3d at 873.  "[P]laintiff's claims for damages control if they are made 'in good faith,' that is, if they evince to a 'legal certainty' the claims total at least [$75,000]."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

A.  Compensatory Damages

The Plaintiff admits in his supporting memorandum brief that his compensatory damages could reasonably be as much as $24,000 based on the information contained in the 2000 insurance benefits booklet. The Plaintiff, however, argues that the claim for $24,000 is not made to a "legal certainty" because he does not know the details of his coverage.  The "legal certainty" standard requires the court to be very confident that a party cannot recover the alleged amount in damages. 15 *Moore's Federal Practice*, § 102.106[1] (Matthew Bender 3d ed.).  Without deciding the merits of the Plaintiff's claim for coverage, I find that at this stage of the litigation it is reasonably possible that the Plaintiff has insurance coverage of $24,000.  "Where insurance coverage is denied, the maximum 'amount in controversy is the maximum limit of the insurer's liability under the policy.'"  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998)(citation omitted).  I, therefore, conclude that the claim for $24,000 in compensatory

damages is made to a "legal certainty" and so will be considered in determining the amount in controversy.

      B. Incidental and Consequential Damages

The Plaintiff alleges in his New Mexico Unfair Trade Practices Act claim that he is entitled to incidental and consequential damages. NMSA 1978, §57-12-10 (1967) of the New Mexico Unfair Trade Practices Act states what private remedies are available to persons damaged by the unfair or deceptive trade practices described in the Act. Incidental and consequential damages are not included in those private remedies. Moreover, the Complaint does not allege what those damages amount to. Without more, I cannot find to a "legal certainty" that the alleged incidental and consequential damages should be included in the amount in controversy.

      C. Treble Damages and Punitive Damages

If the Plaintiff prevails on the New Mexico Unfair Trade Practices Act claim, the Plaintiff will be entitled to treble damages if the violation of the Act is shown to be willful. NMSA 1978, §57-12-10(B). In this case, the Plaintiff alleges in his Complaint willful misrepresentation by the Defendants. The Plaintiff could to a "legal certainty" be entitled to treble damages. Treble damages could be as much as three times $24,000 or $72,000.

The Plaintiff also asks for punitive damages under his fraud in the inducement or misrepresentation claim. Punitive damages can be included in the amount in controversy. *Burrell v. Burrell*, 2000 WL 1113702 at **2 (10th Cir.)(citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)). In New Mexico, punitive damages are allowed for fraud. *Id*. (citing *Naranjo v. Paull*, 111 N.M. 165, 803 P.2d 254, 261-62 (Ct. App. 1990)). "To obtain punitive damages under New Mexico law, a plaintiff must show a culpable mental state on the part of the

4

wrongdoer. Conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Id.* (citations omitted).

The Plaintiff's fraud in the inducement or misrepresentation claim alleges willful, wanton, reckless or grossly negligent conduct by the Defendants. Assuming that the Plaintiff proved this claim, he would to a "legal certainty" be entitled to punitive damages. Although "[t]here is no statutory limit to the amount of punitive damages a plaintiff may request," New Mexico courts generally do not allow the ratio of punitive damages to the harm to exceed ten to one where economic damages are significant and the injury is not hard to detect. *Id*. at **3 (quoting *Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 604, 953 P.2d 1089, 1102 (Ct. App. 1997)). Applying the ten to one ratio to the $24,000 claim for compensatory damages results in possible punitive damages of up to $240,000. To reach an excess of the $75,000 jurisdictional limit would require a punitive damages award of just over $51,000.

In New Mexico, the Plaintiff could not recover both treble damages under the New Mexico Unfair Trade Practices Act and possible punitive damages. The Plaintiff would have to elect between the two. *McLelland v. United Wisconsin Life Ins. Co.*, 1999-NMCA-055 ¶12, 127 N.M. 303, *cert. denied*, No. 25,702 (1999). If the Plaintiff chooses punitive damages, he could meet the jurisdictional minimum with a punitive damages award far less than what he could potentially recover. Under these circumstances, I conclude that the jurisdictional requirement of $75,000 is met. *See Burrell*, 2000 WL 1113702 at **3 (without determining whether Plaintiff is entitled to a specific punitive damage award, court found diversity jurisdiction based on determination that punitive award of 40% of actual award would satisfy the jurisdictional amount).

If the Plaintiff chooses treble damages, he would not meet the $75,000 jurisdictional amount unless attorney's fees are included in the amount in controversy. "The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera*, 143 F.3d at 1340 (citation omitted). Attorney's fees are allowed under both the New Mexico Unfair Trade Practices Act (§57-12-10(c)) and the New Mexico Unfair Insurance Practices Act (§59A-16-30).

Treble damages in this case could amount to $72,000. Attorney's fees of just over $3,000 would bring the amount in controversy in excess of $75,000. I find that attorney's fees of just over $3,000 are reasonably likely. Under this scenario, diversity jurisdiction would also exist.

IT IS ORDERED that Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction Pursuant to 28 U.S.C. §1447(c) (Doc. No. 7) will be denied unless the Plaintiff files with the Court a sworn notification that he seeks total damages of less than $75,000 and if his case is in state court, he would not recover more than $75,000 even if damages amount to more than $75,000. This sworn notification is due ten days from the filing date of this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE